Form as of May 1, 2018

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

---

Mitsubishi Logistics Americas Corp

                     Plaintiff(s),

   -against-

Ocean Network Express Pte. Ltd.

                     Defendant(s).

20 CIV. NO. 06319

**[Proposed] Civil Case Management Plan and Scheduling Order**

---

The parties submit this [Proposed] Civil Case Management Plan and Order pursuant to Federal Rule of Civil Procedure 26(f):

**1.**   **Meet and Confer:** The parties met and conferred pursuant to Fed. R. Civ. P. 16(c) and 26(f) on December 30, 2020.

**2.**   **Alternative Dispute Resolution / Settlement:**

   **a.**   Settlement discussions have ☐ / have not ☑ taken place.

   **b.**   The parties have discussed an informal exchange of information in aid of early settlement and have agreed to exchange the following:

      The parties agree that this matter be consolidated with In the Matter of IN THE MATTER OF THE COMPLAINT OF HAPAG-LLOYD AKTIENGESELLSCHAFT a/k/a HAPAG-LLOYD AG

   **c.**   The parties have discussed use of alternative dispute resolution mechanisms for use in this case, such as (i) a settlement conference before the Magistrate Judge, (ii) participation in the District's Mediation Program, and (ii) retention of a private mediator. The parties propose the following alternative dispute mechanism for this case:

      See above.

1

    **d.**    The parties recommend that the alternative dispute resolution mechanism designated above be employed at the following point in the case (e.g., within the next 30 days; after exchange of specific information; after deposition of plaintiff; etc.):

    See above.

    **e.**    The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.

**3.**    **The Parties' Summary of Their Claims, Defenses, and Relevant Issues:**

Plaintiff(s):

The plaintiff, who is a Non Vessel Owning Common Carrier, seeks indemnity from for all liability they may be found to have to cargo interests whose goods were lost or damaged in the fire incident on the Yantian Express.

Defendant(s):

Defendant asserts all defenses it has asserted to other, similar claims that have been asserted against it in the main action, including the defense that under the eterms and conditions in ONE's bill of lading this matter should be dismissed in favor of litigation in Singapore.

**4.**    **The Parties' Asserted Basis of Subject Matter Jurisdiction:**

Admiralty.

**5.**    **Subjects on Which Discovery May Be Needed:**

Plaintiff(s):

The circumstances surrounding the loss of goods, ONE's role in the carriage of the goods, and ONE's affirmative defenses.

2

Defendant(s):

The proof of plaintiff's liability to the cargo interests, the circumstances surrounding the loss, and the value of the loss.

6. **Initial Disclosures** pursuant to Fed. R. Civ. P. 26(a)(1) will be exchanged no later than  in the main action .

7. **Amended Pleadings:**

   a. No additional parties may be joined after __same as main action__, without consent or leave of Court.

   b. No amended pleadings may be filed after __same as main action__, without consent or leave of Court.

8. **Fact Discovery:**

   a. All fact discovery shall be completed by __same as main action__.

   b. Initial requests for production were/will be served by __same as main action__. Any subsequent requests for production must be served no later than 45 days prior to the discovery completion deadline.

   c. Initial interrogatories shall be served by __same as main action__. Any subsequent interrogatories must be served no later than 45 days prior to the discovery completion deadline.

   d. Depositions shall be completed by __same as main action__.

   e. Requests to admit shall be served by __same as main action__.

   f. The parties propose the following limits on discovery:

   same as main action

   g. Except as otherwise modified in 8(f) above, the parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The interim fact discovery deadlines may be altered by the parties on consent without application to

3

      the Court, provided that the parties meet the deadline for completing fact discovery.

  **h.**    The parties would like to address at the conference with the Court the following disputes, if any, concerning fact discovery:

      None

**9.**   **Expert Discovery (if applicable):**

  **a.**    The parties do ☐ / do not ☑ anticipate using testifying experts.

  **b.**    Anticipated areas of expertise:

  **c.**    Expert discovery shall be completed by _____.

  **d.**    By __the date in the n__, the parties shall meet and confer on a schedule for expert disclosures, including reports, production of underlying documents, and depositions, provided that (i) expert report(s) of the party with the burden of proof shall be due before those of the opposing party's expert(s); and (ii) all expert discovery shall be completed by the date set forth above.

  **e.**    The parties would like to address at the conference with the Court the following disputes, if any, concerning expert discovery:

      None at this time.

**10.**   **Electronic Discovery and Preservation of Documents and Information:**
(If appropriate for the case, use the Court's Joint Electronic Discovery Submission and Proposed Order available at:
https://nysd.uscourts.gov/hon-robert-w-lehrburger.

  **a.**    The parties have ☐ / have not ☑ discussed electronic discovery.

  **b.**    If applicable, the parties shall have a protocol for electronic discovery in place by __same as main action_____.

4

      **c.**    The parties would like to address at the conference with the Court the following disputes, if any, concerning electronic discovery:

           None

**11.**    **Anticipated Motions** (other than summary judgment, if any)**:**

      Same as in main action.

**12.**    **Summary Judgment Motions:**  No less than 30 days before a party intends to file a summary judgment motion, and in no event later than the close of discovery, the party shall notify this Court, and the District Judge, that it intends to move for summary judgment and, if required by the District Judge's Individual Practices, request a pre-motion conference.

If pre-motion clearance has been obtained from the District Judge where required, summary judgment motions must be filed no later than 30 days following the close of all discovery if no date was set by the District Judge or, if a date was set by the District Judge, in accordance with the schedule set by the District Judge.  If no pre-motion conference is required, summary judgment motions must be filed no later than 30 days following the close of discovery.

Any summary judgment motion must comply with the Federal Rules of Civil Procedure, the Local Rules of this District, and the Individual Practices of the District Judge to whom the case is assigned.

**13.**    **Pretrial Submissions:**  The parties shall submit a joint proposed pretrial order and any required accompanying submissions 30 days after decision on the summary judgment motion(s), or, if no summary judgment motion is made, 30 days after the close of all discovery.

**14.**    **Trial:**

    **a.**    All parties do ☐ / do not ☑ consent to a trial before a Magistrate Judge at this time.

    **b.**    The case is ☐ / is not ☑ to be tried to a jury.

    **c.**    The parties anticipate that the trial of this case will require __same as r__ days.

**15.**    **Other Matters the Parties Wish to Address (if any):**

**16.**    The Court will fill in the following:

☐ A status conference will be held before the undersigned on _____ at _____.m. in Courtroom 18D, 500 Pearl Street.

☐ The parties shall submit a joint status letter every _____ days and shall also inform the Court at the time the parties believe a settlement conference would be fruitful.

Dated: _____                              SO ORDERED.

                                                                              _____
                                                                               ROBERT W. LEHRBURGER
                                                                              United States Magistrate Judge

PLAINTIFF(S):                                             DEFENDANT(S):

Richard Singleton                                      Randolf Donatelli
_____      _____
ATTORNEY NAME(s):                             ATTORNEY NAME(s)

6

| Blank Rome LLP | Lyons & Flood LLP |
|---|---|
| 1271 Avenue of the Americas<br>New York, NY 10020<br>ADDRESS | One Exchange Plaza<br>55 Broadway, Suite 1501<br>ADDRESS |
| TEL: 212-885-5166 | TEL: (212) 594-2400 |
| EMAIL: rsingleton@blankrome.com | EMAIL: rdonatelli@lyons-flood.com |